culpable, y condenado por el Tribunal á la pena de dos años de presidio con trabajos forzados y pago de las costas del proceso. Los hechos de la causa constan en los autos como sigue:

"Que en la noche del 6 de Abril del corriente año, el acusado estuvo en la tienda de Bonifacio Ortiz, en el barrio de Bajuras, jurisdicción de Cabo-Rojo, y después de haber pedido en compra unos bollos de pan, porque Ortiz le recordó que debía unos centavos más, importe de otros efectos comprados, días antes, le provocó y desafió, y desmontándose de la caballería en que iba, sacó un revolver que llevaba y le disparó dentro de la casa hahitación donde se encontraba Bonifacio Ortiz, sin que le hiriera, pero rompiendo el tubo de un quinqué de dicha habitación".

No se presentó ningún escrito de excepción en el acto del juicio y el procesado y el recurrente no está representado en este Tribunal. De un examen cuidadoso de los autos y de todas las circunstancias de la causa resulta que se han llenado todos los requisitos del Código de Enjuiciamiento Criminal y que es justa la sentencia; puesto que resulta de los hechos probados que el procesado es indudablemente culpable del delito de asalto con arma mortífera. No resultando motivo para anular la sentencia del Tribunal inferior, debe confirmarse la misma.

*Confirmada.*

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociado Hernández y Sulzbacher.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.

---

## Ex Parte Bird.

### Solicitud para que se expida mandamiento de Habeas Corpus.

No. 25.—Resuelto en Noviembre 12, 1903.

Código Penal.—Delitos.—Su Prosecución.—Las causas por delitos cometidos con anterioridad á la fecha en que comenzó á regir en esta Isla el nuevo Código Penal, deberán sustanciarse con arreglo al procedimiento antíguo.

---

## EX PARTE BIRD.

### APPLICATION for a writ of Habeas Corpus.

No. 25.—Decided November 12, 1903.

CRIMINAL LAW—OFFENSES—Crimes committed prior to the date upon which the new Penal Code took effect must be prosecuted in accordance with the old criminal procedure.

SENTENCIAS FIRMES.—Las sentencias dictadas en las causas criminales'
sustanciadas con arreglo al antíguo procedimiento, no adquieren el
concepto *de firmes* hasta después de transcurridos los diez días que señala
el artículo 81 de la O. G. No. 118 de 1899, para que el acusado pueda alzarse
contra dichas sentencias.

HABEAS CORPUS.—Si un acusado fuere reducido á prisión por virtud de una
sentencia que no es firme, su prisión es ilegal y procede su excarcelación
por Habeas Corpus.

### EXPOSICIÓN DEL CASO.

*Resultando:* que expedido el mandamiento de "habeas corpus" solicitado por el peticionario, se pidió por el abogado defensor de la misma parte que con suspensión de la vista de estas diligencias se pidiera al Tribunal del Distrito de San Juan la causa original seguida contra el mismo Mr. Hobart S. Bird, por injurias á la autoridad, y provisto de conformidad y recibida que fué dicha causa se señaló nuevo día para la vista á cuyo acto concurrieron el peticionario Mr. Bird asistido de su abogado defensor Don Juan de Guzmán Benítez y el Fiscal de este Tribunal Supremo que impugnó el recurso.

*Resultando* de la causa remitida por el Tribunal del Distrito de San Juan á esta Corte Suprema, que seguida dicha causa contra el expresado Mr. Hobart S. Bird, con arreglo al procedimiento antíguo, por haber publicado en el periódico "The San Juan News", del que era Director, en el número correspondiente al día 13 de Febrero de 1902, un artículo que se estimó por el Tribunal injurioso á la autoridad, se dictó sentencia por el Tribunal del Distrito de San Juan en 19 de Septiembre del mismo año condenando al procesado á la pena de cuatro meses y un día de arresto mayor, que extinguiría en la cárcel de esta Ciudad, suspensión de todo cargo y derecho de sufragio durante la condena y al pago de las costas, cuya sentencia declaró nula esta Corte Suprema en 19 de Junio último, á virtud de recurso de casación por quebrantamiento de forma interpuesto por el procesado, reponiéndose la causa al estado que tenía cuando se cometió la falta y que se procediera á la celebración de nuevo juicio con arreglo á derecho; y que recibida la causa por el Tribu-

Final Judgment—Judgments rendered in criminal prosecutions in accordance with the old procedure do not become final until after the expiration of ten days allowed by section 81 of G. O. 118 of 1899, for the defendant to · appeal from said judgment.

Habeas Corpus—If a defendant be committed to imprisonment by virtue of a judgment which is not final, his commitment is illegal and he should be discharged on a writ of *habeas corpus.*

### STATEMENT OF THE CASE.

The writ of *habeas corpus* applied for by the petitioner having been issued, counsel for the applicant prayed that the hearing be continued and that the District Court of San Juan be required to send up the record in the original case prosecuted against the defendant Hobart S. Bird for libel against the autorities *(injuria á la autoridad).* An order was made, as requested, and upon the receipt of the said record a day was set for the hearing at which the petitioner Bird with his counsel Juan de Guzman Benítez appeared, as also the *Fiscal* of this Supreme Court who opposed the granting of the application.

From the record in the case, forwarded by the District Court of San Juan to this Supreme Court, it appears that said case having been prosecuted against Hobart S. Bird, under the old procedure, for publishing in the issue of February 13, 1902, of the newspaper "The San Juan News", of which he was editor, an article held by the court to be offensive to those in authority, the District Court of San Juan had, on September 19 of the same year, sentenced him to four months and one day of greater imprisonment *(arresto mayor)* to be served in the jail of this city, he meantime to be disqualified from holding any office or from excercising the right of suffrage, the costs of the proceedings to be taxed against him, which judgment was declared null and void by this Supreme Court on June 19 last, on appeal in cassation for error of procedure taken by the defendant, the case being restored to the stage it had reached when the error was committed, and a new hearing ordered to be had in accordance with the law. The case

nal de Distrito de San Juan y continuada con arreglo al procedimiento de la nueva ley de Enjuiciamiento Criminal, dictó sentencia en 21 de Octubre último condenando al procesado Mr Hobart S. Bird á la pena de dos meses y un día de arresto mayor que cumplirá en la Cárcel departamental y en las costas, habiendo comenzado á cumplir la sentencia el mismo día 21 de Octubre, mediante mandamiento librado al oficial encargado de la paz pública, para su ingreso en la cárcel de esta Capital.

Abogado del peticionario: *Sr. Guzmán Benítez (Juan).*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

### Opinión del Tribunal.

*Considerando:* que debiendo haberse continuando sustanciándose esta causa con arreglo al procedimiento antíguo, por tratarse de la averiguación y castigo de un delito cometido con anterioridad á la fecha en que comenzó á regir en esta Isla el nuevo Código Penal, según está ya declarado por esta Corte Suprema en otros casos análogos, no ha popido ser reducido á prisión el peticionario para cumplir una sentencia que no era firme, puesto que aún no habían transcurrido los diez días que le concedía el Artículo 81 de la Orden General No. 118 para alzarse contra la sentencia, requisito indispensable para que ésta hubiera adquirido la calidad de firme, y hubiera podido procederse á su ejecución con arreglo al artículo 988, en relación con el 141 de la antígua Ley de Enjuiciamiento Criminal.

*Considerando:* que bajo este concepto la prisión del peticionario Mr. Hobart S. Bird es ilegal y debe quedar en libertad, por encontrarse el caso comprendido en el número 4 del artículo 483 del Código de Enjuiciamiento Criminal, toda vez que si el mandamiento librado para la prisión del peticionario pudiera estimarse correcto en su forma, ha sido expedido fuera de los casos permitidos por la ley.

*Se declara* con lugar la excarcelación solicitada por el promovente Mr. Hobart S. Bird, el que deberá quedar en

having been received by the District Court of San Juan and proceeded with in conformity with the provisions of the new Code of Criminal Procedure, judgment was rendered by said Court on October 21 last, sentencing Hobart S. Bird to two months and one day of greater imprisonment *(arresto mayor)* to be served in the departmental jail, and costs. He commenced to serve the sentence on the same day, October 21, by virtue of a commitment issued for his confinement in the jail of this city, and directed to the official in charge of the public peace.

*Mr. Juan de Guzmán Benítez*, for petitioner.

*Mr. del Toro, Fiscal*, for the People.

libertad inmediatamente, cancelándose la fianza que tenía
prestada; y devuélvase al Tribunal de Distrito de San Juan
la causa criminal de referencia seguida contra el mencionado
Mr. Hobart S. Bird por injurias á la autoridad.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández, Sulzbacher y MacLeary.

El Juez Asociado Sr. Figueras no formó Tribunal en la
vista de este caso.